LAW OFFICES OF
# JEFFREY LICHTMAN
11 EAST 44TH STREET
SUITE 501
NEW YORK, NEW YORK 10017
www.jeffreylichtman.com

JEFFREY LICHTMAN
JEFFREY EINHORN
JASON GOLDMAN

PH: (212) 581-1001
FX: (212) 581-4999

August 3, 2021

**BY ECF**
Hon. Laura Taylor Swain
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

**MEMO ENDORSED**

Re: **United States v. Constantinescu, et al., 19 CR 651 (LTS)**

Dear Judge Swain:

    Following the filing of my notice of appearance on behalf of Nikolaos Limberatos today,[1] I am writing to respectfully bring to the Court's attention, as is my obligation, any potential Curcio issues which might exist with regard to my representation of this defendant. See United States v. Curcio, 680 F.2d 881, 888-89 (2d Cir. 1982). Specifically, I also represent Theofrastos Lymberatos, the defendant's nephew and co-defendant, which as described below, presents a potential, yet waivable conflict of interest. Messrs. Limberatos and Lymberatos[2] have asked that I represent them both, which is unsurprising as I represent Mr. Lymberatos' brother in an unrelated case and maintain a strong relationship with the family.

    As the Court is no doubt aware, the Sixth Amendment affords a criminal defendant the right to effective assistance of counsel (see Wood v. Georgia, 450 U.S. 261, 271 (1981); United States v. Perez, 325 F.3d 115, 124 (2d Cir. 2003)) and there is a "presumption in favor of the [defendant's] chosen [representation]," which may be overcome "by a showing of an actual conflict or a potentially serious conflict." United States v. Jones, 381 F.3d 114, 119 (2d Cir. 2004). In order to determine if the defendant's attorney is burdened by such a conflict, a court "must investigate the facts and details concerning the attorney's interests to determine whether

---

[1] This notice equally applies to Jeffrey Einhorn, a partner at my law firm.

[2] The last name of each defendant is spelled differently. This application concerns Nikolaos Limberatos, I presently also represent Theofrastos Lymberatos.

JEFFREY LICHTMAN

Hon. Laura Taylor Swain
United States District Judge
August 3, 2021
Page 2

the attorney in fact suffers from an actual conflict, a potential conflict, or no genuine conflict at all." United States v. Levy, 25 F.3d 146, 153 (2d Cir. 1994).

    An actual conflict exists "when the attorney's and the defendant's interests diverge with respect to a material factual or legal issue or to a course of action, or when the attorney's representation of the defendant is impaired by loyalty owed to a prior client." Jones, 381 F.3d at 119 (internal quotation marks and citations omitted). A potential conflict arises if "the interests of the defendant could place the attorney under inconsistent duties in the future." Id. (emphasis and citations omitted). Should an attorney suffer from an actual or potential conflict of such a serious nature that no rational defendant would knowingly and intelligently wish for that attorney's representation, then in that instance, the attorney should be disqualified. See United States v. Lussier, 71 F.3d 456, 461-62 (2d Cir. 1995). On the other hand, conflicts of interest not involving attorney self-interest, including "prior representation of a trial witness," or representation of two or more codefendants, "are generally waivable." See United States v. Perez, 325 F.3d 115, 126-27 (2d Cir. 2003) (only in a "very narrow category of cases" has the Second Circuit "held attorney conflicts to be unwaivable").

    As it applies here, I presently represent Theofrastos Lymberatos in this case. Mr. Lymberatos pleaded guilty on June 2, 2021 to Count Two of the Indictment, which charges him with wire fraud related to his involvement in the skimming device scheme, and he is scheduled for sentencing on September 29. As Mr. Lymberatos has already pleaded guilty, a conflict in this matter would only potentially arise in the unlikely event that he was called to testify as a witness against Mr. Limberatos, in which case a non-conflicted member of Mr. Limberatos' defense team would be made available to cross-examine Mr. Lymberatos. This conflict is eminently waiveable (Perez, 325 F.3d at 127) and the procedure I suggest has been employed and approved by the Second Circuit. United States v. Basciano, No. 03-CR-929 (NGG), 2008 WL 794945, at *6-9 (E.D.N.Y. March 31, 2008), aff'd, 384 F. App'x 28, 34 (2d Cir. 2010).

JEFFREY LICHTMAN

Hon. Laura Taylor Swain
United States District Judge
August 3, 2021
Page 3

    I have advised Mr. Lymberatos that he has the right to conflict free representation and he has indicated that he wishes for me to represent his uncle, Nikolaos Limberatos, and will participate in a <u>Curcio</u> hearing. I have similarly advised Mr. Limberatos of such and he has also agreed to waive any potential conflicts of interest stemming from my representation of him. Accordingly, for the foregoing reasons, my representation of Mr. Limberatos should be permitted once the appropriate waivers are accomplished.

    Thank you for Your Honor's consideration of this matter. I remain available for a <u>Curcio</u> hearing at the Court's convenience.

Respectfully submitted,

Jeffrey Lichtman

cc:    All counsel (by ecf)

Counsel and the Office of the United States Attorney are directed to consult with respect to the foregoing information and contact chambers to schedule a Curcio hearing for each of the two referenced defendants. The Government shall prepare proposed Curcio allocutions in advance of the hearings.
SO ORDERED.
8/3/2021
/s/ Laura Taylor Swain, Chief USDJ