UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                         :

UNITED STATES OF AMERICA

                         :     PRELIMINARY ORDER OF

     - v. -                      FORFEITURE /

                         :     MONEY JUDGMENT

NIKOLAOS LIMBERATOS,

   a/k/a "Nicu Limberto,"         :     19 Cr. 651 (SHS)

         Defendant.        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

        WHEREAS, on or about September 9, 2019, NIKOLAOS LIMBERATOS, a/k/a

"Nicu Limberto," (the "Defendant"), among others, was charged in a four-count sealed Indictment,

19 Cr. 651 (the "Indictment"), with conspiracy to commit access device fraud, in violation of Title

18, United States Code, Section 1029(b)(2) (Count One); conspiracy to commit wire and bank

fraud, in violation of Title 18, United States Code, Section 1349 (Count Two); aggravated identity

theft, in violation of Title 18, United States Code, Sections 1028A(a)(1), 1028A(b), and 2 (Count

Three); and conspiracy to commit money laundering, in violation of Title 18, United States Code,

Section 1956(h) (Count Four);

        WHEREAS, the Indictment included a forfeiture allegation as to Count One of the

Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code,

Sections 982(a)(2)(B) and 1029(c)(1)(C), of any and all property constituting or derived from,

proceeds obtained directly or indirectly, as a result of the commission of the offense charged in

Count One of the Indictment, and any and all personal property used or intended to be used to

commit said offense, including but not limited to a sum of money in United States currency

representing the amount of proceeds traceable to the commission of the offense charged in Count

One of the Indictment that the Defendant personally obtained, including certain specific property;

WHEREAS, the Indictment included a forfeiture allegation as to Count Two of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(2)(A), of any and all property, constituting, or derived from, proceeds obtained directly or indirectly as a result of the commission of the offense charged in Count Two of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count Two of the Indictment that the Defendant personally obtained, including certain specific property;

WHEREAS, the Indictment included a forfeiture allegation as to Count Four of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), of any and all property, real and personal, involved in the offense charged in Count Four of the Indictment, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count Four of the Indictment that the Defendant personally obtained, including certain specific property;

WHEREAS, on or about June 24, 2022, the Defendant pled guilty to Counts One, Two, and Four of the Indictment;

WHEREAS, on or about July 7, 2022, the Defendant was found guilty, following a jury trial, of Count Three of the Indictment;

WHEREAS, the Government asserts that $377,654.54 in United States currency represents property constituting, or derived from, proceeds traceable to the commission of the offenses charged in Counts One, Two, and Four of the Indictment;

WHEREAS, the Government seeks the entry of a money judgment in the amount of $377,654.54 in United States currency representing the amount of proceeds traceable to the

offenses charged in Counts One, Two, and Four of the Indictment, which Defendant personally obtained; and

WHEREAS, the Court finds that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offenses charged in Counts One, Two, and Four of the Indictment that the Defendant personally obtained cannot be located upon the exercise of due diligence;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. As a result of the offenses charged in Counts One, Two and Four of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $377,654.54 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the commission of offenses charged in Counts One, Two and Four of the Indictment, that the Defendant personally obtained, shall be entered against the Defendant.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant, NIKOLAOS LIMBERATOS, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10017 and shall indicate the Defendant's name and case number.

4.        The United States Marshals Service is authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5.        Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

6.        Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

7.        The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

SO ORDERED:

_____
HONORABLE SIDNEY H. STEIN
UNITED STATES DISTRICT JUDGE

January 3, 2023
DATE